OPINION
Defendant Christopher G. Griffis appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which overruled his motion for a new trial, and sentenced him for violations of R.C. 2911.01, aggravated robbery, and R.C.2905.01, kidnaping. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON JUROR MISCONDUCT THEREBY DEPRIVING DEFENDANT OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION TO CONFRONT THE EVIDENCE AND THE WITNESSES PRESENTED AGAINST HIM AS WELL AS HAVE A JURY THAT CONSIDERS ONLY THE EVIDENCE PRESENTED AT TRIAL.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FOLLOW THE STATUTORY GUIDELINES WITH RESPECT TO THE SENTENCING THUS VIOLATING DEFENDANT'S RIGHTS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
In his first assignment of error, appellant argues the trial court erred in not sustaining his motion for a new trial. The record indicates the court conducted a jury trial on January 16, 2001, and the jury returned a guilty verdict on both counts of the indictment. Following the verdict, defense counsel spoke with the jurors, and filed her motion for a new trial, urging the court that the jurors had conducted an out-of-court experiment on their own following the testimony of a witness, and then had shared the results of their experiment with other jury members prior to deliberating the case. The motion for a new trial was accompanied by defense counsel's affidavit reciting the conversation she had with four jurors. The trial court overruled the motion. I Motions for a new trial made pursuant to Crim.R. 33 are addressed to the sound discretion of the trial court, and may not be reversed unless we find an abuse of discretion, State v. Schiebel (1990), 55 Ohio St.3d 719. The Supreme Court has defined abuse of discretion as implying the trial court's judgment was arbitrary, unreasonable, or unconscionable, see State v. Sage (1987), 31 Ohio St.3d 173. Evid.R. 606 provides a juror may not testify to any matter or statement occurring during the course of deliberation or to the effect of anything upon his or any other juror's mind or emotions which may have influenced the juror to assent or dissent from the verdict. A juror may testify whether extraneous prejudicial information was improperly brought to the jury's attention, or whether there was any outside influence improperly brought to bear, only after some outside evidence of the act or event has been presented. The only exception to this rule, usually referred to as the aliunde rule is where there is a showing of threats, bribes, or improprieties of an officer of the court. In Tashin v. SIFCO Industries, Inc. (1990) 50 Ohio St.3d 102, the Ohio Supreme Court held an attorney's testimony regarding what was learned from a juror is incompetent to lay a foundation for evidence aliunde. The Supreme Court has also ruled similarly in criminal cases, see Schiebel, supra. Appellant cites us to Doan v. Brigano (Sixth Circuit, 2001), 98-4243. In Doan, the United States Circuit Court of Appeals reviewed a similar situation where, following the conviction, the defense attorney interviewed the jurors and was told they had conducted an experiment to determine whether Doan's story was credible. One of the jurors also looked up the legal terms purposeful and intent in a dictionary. Doan submitted the sworn affidavit of one of the jurors. The trial court overruled the motion for a new trial, and entered a conviction. The Ohio Court of Appeals affirmed the conviction, and Doan filed a petition for habeas corpus relief in the United States District Court. The Doan court found Ohio Evid.R. 606 conflicts with the guarantees of the United States Constitution, specifically, theSixth Amendment right to a fair trial before an impartial jury. The Doan court criticized Ohio's aliunde rule because, in the court's view, it prevents the consideration of clear evidence of jury misconduct. We find Doan to be inapplicable in this case. In Doan, the appellant presented the affidavit of a juror, who swore to events she herself had observed and participated in. Here, by contrast, the affidavit that accompanied the motion for a new trial was that of the defense attorney, who recited hearsay allegations of which she had no personal knowledge. We find appellant's motion made pursuant to Ohio Evid.R. 606 was insufficient, and accordingly, the trial court did not err in overruling appellant's motion for new trial. The first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the trial court failed to follow the statutory guidelines with respect to his sentencing. The trial court sentenced appellant to consecutive sentences, and, appellant asserts, to the maximum sentence available on each charge. The State replies appellant was convicted of two separate charges, both felonies of the first degree, for which appellant was sentenced to eight years in prison on each charge, to run consecutively. R.C.2929.14 provides the maximum penalty for a felony of the first degree is a prison term of 3, 4, 5, 6, 7, 8, 9, or 10 years. Thus, we reject appellant's argument he was sentenced to the maximum available sentence. Regarding appellant's assertion the court did not follow the sentencing guidelines outlined in R.C. 2929.11 through R.C. 2929.19, the record indicates at the sentencing hearing on February 26, 2001, the court heard testimony from the chief probation officer regarding the pre-sentence investigation. In its judgment entry of February 28, 2001, the court stated it had considered the record, all statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing as set forth in R.C. 2929.11, and the seriousness and recidivism factors contained in R.C. 2929.12. The court found because appellant had been found guilty of two first degree felonies, a prison term is consistent with the purposes and principles of sentencing articulated in R.C. 2929.11. The court found the appellant has a history of criminal convictions, and that he possesses the greatest likelihood of committing future crime. The court found concurrent sentences would demean the serious nature of the crimes appellant had committed. Our review of the judgment entry and the sentencing hearing transcript leads us to the conclusion the trial court considered all the necessary criteria, and made necessary findings to substantiate the sentence it imposed. Accordingly, the second assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Wise, J., and Boggins, J., concur